UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY JAMAL HAMILTON,

        Petitioner,        Case No. 1:13-cv-405

v.        Honorable Paul L. Maloney

WILLIE SMITH,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Corey Jamal Hamilton presently is incarcerated at the Chippewa Correctional Facility. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of larceny from a person, MICH. COMP. LAWS § 750.357, and third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b). On June 1, 2010, Petitioner was sentenced as a second felony offender, MICH. COMP. LAWS § 769.10, to respective prison terms of 6 years and 11 months to 15 years and 12 to 22 ½ years.

Petitioner appealed his convictions and sentences to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two issues: (1) he was deprived of due process when the jury was permitted to observe him in jail clothing; and (2) he was deprived of his state and federal rights by the improper scoring of certain offense variables, and trial counsel was ineffective in failing to object. In an unpublished decision issued December 6, 2011, the court of appeals rejected Petitioner's first appellate ground. With respect to Petitioner's claim of sentence scoring error, the court concluded that the trial court had erred in scoring Offense Variable 3 but had committed no error in scoring Offense Variable 11. Because the scoring error on Offense Variable 3 did not affect the guidelines score, the court of appeals held that counsel's performance, even if deficient, could not have been prejudicial. The court therefore affirmed the convictions and sentences. The supreme court denied leave to appeal on April 23, 2012.

In his habeas application, Petitioner raises the same two grounds presented to and rejected by the Michigan appellate courts.

**Discussion**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

    I.  Due Process: Observation of Petitioner in Jail Clothing

In his first ground for habeas relief, Petitioner claims that he was denied due process when the jury was permitted to observe him in jail clothing.

The Supreme Court has recognized that due process bars a defendant being compelled to stand trial in jail garb, if the defendant has made a timely objection. *See Estelle v. Williams*, 425 U.S. 501, 513-14 (1976). The *Estelle* Court recognized, however, that "the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512-13.

Applying federal law, the Michigan Court of Appeals analyzed the issue as follows:

> First, defendant argues that defendant was denied his due process rights based on his wearing jail clothing at trial. We disagree. Because defendant failed to object to this issue below, this claim was not preserved for appellate review. We review unpreserved errors for plain error affecting defendant's substantial rights. *People v*

> *Carines*, 460 Mich 750, 762-763; 597 NW2d 130 (1999).
>
> "A defendant's timely request to wear civilian clothing must be granted." *People v Harris*, 201 Mich App 147, 151; 505 NW2d 889 (1993). This is because it is a violation of the Fourteenth Amendment to "compel an accused to stand trial before a jury while dressed in identifiable prison clothes." *Estelle v Williams*, 425 US 501, 512; 96 S Ct 1691; 48 L Ed 2d 126 (1976). However, "the failure to make an objection to the court as to being tried in [identifiable prison clothes], for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* at 512-513.
>
> There was no plain error affecting defendant's substantial rights arising from his clothing at trial. Before defendant testified at trial, the trial court sent the jury outside of the courtroom. Defendant had taken off his sweatshirt and was wearing a T-shirt with the letters "KCCF," an abbreviation for Kent County Correctional Facility. The trial court suggested that defendant wear his sweatshirt. Before the jury returned, defendant turned his shirt backwards. There is no indication in the record that defendant ever objected to or even raised the issue of his trial clothing, or that the jury was aware that "KCCF" indicated jail clothing. As the Supreme Court opined in *Estelle*, 425 US at 512, "[n]othing in this record, therefore, warrants a conclusion that [defendant] was compelled to stand trial in jail garb or that there was sufficient reason to excuse the failure to raise the issue before trial." Thus, defendant's failure to object was "sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Id.* Defendant was not denied his right to a fair trial based on his clothing.

*People v. Hamilton*, No. 298944, slip op. at 1-2 (Mich. Ct. App. Dec. 6, 2011) (hereafter "MCOA Op. at __").

The state court indisputably relied upon clearly established federal law in reaching its decision. Although the court of appeals applied only plain-error review, its decision was an entirely reasonable application of federal law. At trial, Petitioner made no objection to the wearing of the Kent County Correctional Facility T-shirt. Indeed, the trial court recommended that Petitioner wear his sweatshirt to cover-up the T-shirt logo, but Petitioner elected instead to turn the T-shirt around, so that the logo faced backwards. Far from being compelled to appear in jail garb, Petitioner made a conscious decision to leave his shirt exposed to the jury, at least from the back. It is not at

all clear that the jury even saw the logo. Moreover, the offending T-shirt included only a four-letter acronym for the facility, and there is no indication that any juror would be aware of what KCCF stood for. As the state court reasoned, the record is entirely devoid of any indication of compulsion that would violate Petitioner's right to due process.

II. <u>Sentence Scoring and Ineffective Assistance of Counsel</u>

Plaintiff alleges that he was deprived of his state and federal due process rights by the trial court's scoring of Offense Variable (OV) 3 and OV 11. He also alleges that he was deprived of his Sixth Amendment rights when trial counsel failed to object to the sentence scoring.

The Michigan Court of Appeals thoroughly discussed Petitioner's claims under state law and denied the claim of ineffective assistance of counsel:

> Next, defendant argues that he is entitled to resentencing because offense variable (OV) 3 and OV 11 were improperly scored. Though defendant did not object to the OV scores at sentencing, he preserved this issue by moving this Court for remand based on the OV scores. *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004); MCL 769.34(10); MCR 6.429.
>
> The interpretation and application of statutory sentencing guidelines involve questions of law and are reviewed de novo. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). We review OV scoring for an abuse of discretion to determine whether the evidence supports a particular score. *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009). We will generally affirm scoring decisions for which there is any evidence in support. *Id.*; *People v Houston*, 261 Mich App 463, 471; 683 NW2d 192 (2004)[.]
>
> The trial court abused its discretion by scoring OV 3 at ten points because there was no evidence in the record to support the score. OV 3 should be scored at ten points if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). Although there was evidence that the victim was taken to the hospital and also examined by a sexual assault nurse, there was no evidence presented that the victim sustained any bodily injuries from the sexual assaults or that she received treatment for any bodily injuries.
>
> The trial court did not, however, abuse its discretion by scoring OV 11 at 25 points because the score was supported by the evidence in the record. For OV 11,

all sexual penetrations of the victim by the offender that arise out of the sentencing offense are scored. MCL 777.41(2)(a). OV 11 is scored at 25 points if one criminal sexual penetration occurred. MCL 777.41(1)(b). At sentencing, the trial court was not restricted to considering information only admissible in open court, and it could properly consider information contained in the presentence investigation report (PSIR). *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997); *People v Uphaus (On Remand)*, 278 Mich App 174, 183-184; 748 NW2d 899 (2008). The PSIR established that in addition to the sentencing offense, defendant attempted to penetrate the victim's vagina. Defendant concedes that the PSIR contains evidence of "slight vaginal penetration." There was also evidence that defendant touched the victim's genitals. Any intrusion, however slight, of any part of a person's body into the genital or anal openings of another person's body is sexual penetration. MCL 750.520a(r).

Though OV 3 was improperly scored, defendant is not entitled to resentencing because the scoring error does not alter the appropriate guidelines range. *Francisco*, 474 Mich at 89 n 8. Moreover, there was no plain error affecting defendant's substantial rights based on defense counsel's failure to object to the OV 3 and OV 11 scores. *Carines*, 460 Mich at 763. OV 11 was properly scored, and even if defense counsel's failure to object to the OV 3 score were deficient, it was not prejudicial because it did not affect the appropriate guidelines range.

MCOA Op. at 2-3.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

There is no federal constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261

(6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since he has no federal right to an individualized sentence, Petitioner's claim that his sentence was scored improperly presents an issue of state law only. Petitioner has not alleged grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). As a consequence, the state-court calculations of OV 3 and OV 11 are not subject to review in this habeas proceeding.

The Michigan Court of Appeals also rejected Petitioner's claim that his trial attorney was constitutionally ineffective in failing to object to the scoring of OV 3 and OV 11. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court

must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. Moreover, as the Supreme Court recently has observed, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *see also Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Richter*, 131 S. Ct. at 786).

The court of appeals held that OV 11 was properly scored under state law. As a consequence, counsel acted reasonably in failing to object. An attorney's failure to make a frivolous or meritless motion does not constitute the ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004).

In addition, while the court of appeals found that OV 3 was improperly scored under state law, it concluded that counsel's failure to object did not result in prejudice, because the error in scoring did not have an effect on the sentencing guidelines range. In other words, the state court denied Petitioner's claim of ineffective assistance of counsel solely on the prejudice prong of

*Strickland*, 466 U.S. at 691. The decision to consider only the second prong of *Strickland* was entirely proper. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

The appellate court's finding that the scoring error on OV 3 had no effect on the guidelines range is a finding of fact that is entitled to deference under the AEDPA. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Petitioner has not challenged the court's determination that the correction of OV 3 would not have affected the sentencing guidelines range. The court of appeals therefore properly decided the claim under the prejudice prong of the *Strickland* test. The court's disposition of the issue was both reasonable and correct.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  August 1, 2013  /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge